IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BURNADETTE D. BURNS, | : | |
| Plaintiff, | : | Case No. 3:14-cv-153 |
| v. | : | Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Respondent. | : | |

___

**ORDER OVERRULING OBJECTIONS (DOC. 13) TO THE REPORT AND
RECOMMENDATIONS (DOC. 11); ADOPTING THE REPORT AND
RECOMMENDATIONS (DOC. 11) IN THEIR ENTIRETY; VACATING
THE COMMISSIONER'S NON-DISABILITY DECISION; REMANDING
TO THE SOCIAL SECURITY ADMINISTRATION UNDER THE FOURTH
SENTENCE OF 42 U.S.C. § 405(g) FOR PAYMENT OF BENEFITS; AND
TERMINATING THIS CASE**

___

This is an action for review of the Commissioner of Social Security's ("Commissioner") final decision denying an application for Supplemental Security Income ("SSI") filed by Plaintiff Burnadette D. Burns ("Burns"). On July 8, 2015, Chief Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (Doc. 11), which recommended that this Court vacate the Commissioner's decision and remand for payment of benefits under Sentence 4 of 42 U.S.C. § 405(g). On August 17, 2015, the Commissioner filed Objections (Doc. 13) to the Report and Recommendations. On August 31, 2015, Burns filed a Response (Doc. 14) to the Commissioner's Objections. This matter is therefore ripe for this Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. The Chief Magistrate Judge recommended that

the non-disability determination be vacated because the Administrative Law Judge ("ALJ") did not assign significant weight to the opinion of Burns's treating psychiatrist, Dr. Patel. (Doc. 11 at 6-15.) The Commissioner argues, however, that the ALJ justifiably discounted Dr. Patel's opinion because there is a "disconnect" between his opinion and the record. (Doc. 13 at 8.) The Court disagrees; substantial evidence in the record supports Dr. Patel's opinion regarding Burns's limitations. (*See* Doc. 11 at 8-11, citing, *inter alia*, PAGEID# 605-06, 610-11, 722-23, 745-54.) As a result, Dr. Patel's opinion was entitled to greater weight under the treating physician rule than it was afforded by the ALJ. (*See* Doc. 11 at 7 (citing, *inter alia*, *Gayheart v. Comm'r Social Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) and *Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).)

      The Commissioner also argues that, if the non-disability determination is vacated, this case should be remanded for further proceedings, instead of remanded for payment of benefits. (Doc. 13 at 9.) The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand for the payment of benefits is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Humans Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted). Further, the evidence of disability must be either "overwhelming" or "strong" while the contrary evidence is weak. *Id.* (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Here, there are no factual issues that must be resolved before establishing Burns's entitlement to benefits. The evidence in the record adequately covers the period for which she is seeking benefits. Although the state agency physicians appear to have reviewed an incomplete record, this failure does not create any conflict that must be resolved. Dr. Patel's assessment of Burns's limitations provides strong evidence of

disability. Conversely, the evidence supporting the denial of benefits is weak. In addition to basing their opinions on an incomplete record, the state agency physicians did not adequately explain their reasons for differing with the treating physician's opinion. (*See* Doc. 6, PAGEID# 145-46.) The record therefore supports a remand of this case for payment of benefits.

The Court finds that the Commissioner's Objections (Doc. 13) to the Report and Recommendations (Doc. 11) are not well taken and are hereby **OVERRULED**. The Report and Recommendations (Doc. 11) are **ADOPTED** in their entirety. Accordingly, the Court **VACATES** the Commissioner's non-disability determination dated December 11, 2012, and **REMANDS** Burns's application to the Social Security Administration for payment of benefits under Sentence 4 of 42 U.S.C. § 405(g). The Clerk is **ORDERED** to terminate this case on the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 10, 2015.

s/Thomas M. Rose  
_____  
THOMAS M. ROSE  
UNITED STATES DISTRICT JUDGE